

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,076-01

### EX PARTE SYLVESTER HALLMAN MOORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15,995A IN THE 294TH DISTRICT COURT
### FROM VAN ZANDT COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Moore v. State*, No. 05-03-01121-CR (Tex. App. — Dallas August 17, 2004) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that his trial counsel was ineffective because trial counsel failed to adequately confer with him prior to trial, failed to investigate or interview the

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

State's witnesses, failed to cross-examine the State's witnesses to elicit information about their potential bias and motivation to testify (including possible deals made between the prosecution and witnesses in exchange for their testimony), failing to inquire about physical evidence that was allegedly withheld or destroyed prior to trial, failing to object to inadmissible hearsay, and failing to call any witnesses for the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: September 29, 2021
Do not publish